**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                                                          (206) 370-8810

September 4, 2018

Joshua Swigart                                              Virginia Bell Flynn
Hyde & Swigart                                              Troutman Sanders, LLP
2220 Camino del Rio South #101                              11682 El Camino Real, Suite 400
San Diego, CA 92108                                         Sand Diego, CA 92130

**Delivered Via CM/ECF**

    RE:    <u>Murdzia v. Ocwen Loan Servicing, LLC</u>, C18-0755RSL
             Stipulated Protective Order

Dear Counsel:

On August 28, 2018, the Court received your proposed "Stipulated Protective Order." Dkt. # 16.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, or undue burden or to protect confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. The order must also comply with the applicable federal and local procedural rules.

The agreed protective order submitted in this case is deficient in that it is too broad and gives too much discretion to the parties to designate information as "confidential." The order mentions certain types of documents that are generally shielded from public view during litigation (such as non-party loan files), but those categories are simply examples and do not limit the scope of the order. Rather, the parties essentially seek protection for

anything they deem warrants "special protection from public disclosure." The parties have not made any attempt to explain why "financial" or "commercial" information warrants protection or identified the legal authorities that apply to the documents that are likely to be at issue in this case. Any protective order entered by the Court must clearly identify the class or type of documents subject to the order and the need for confidentiality.

The agreed protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

Sincerely,

*[signature]*

Robert S. Lasnik
United States District Judge